**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MXGO TECHNOLOGIES, INC.<br><br>     PLAINTIFF,<br><br>  v.<br><br>1&1 MAIL & MEDIA, INC. D/B/A MAIL.COM;<br>BIGFOOT COMMUNICATIONS LLC D/B/A BIGFOOT COMMUNICATIONS LTD. D/B/A BIGFOOT FOR LIFE, INC.<br>GODADDY.COM, INC.;<br>J2 GLOBAL COMMUNICATIONS, INC. D/B/A FUSEMAIL;<br>ELECTRIC MAIL (INTERNATIONAL) L.P. D/B/A ELECTRIC MAIL D/B/A FUSEMAIL D/B/A M4 INTERNET D/B/A CAMPAIGNCONNECT;<br>MAIL2WORLD, INC.;<br>MAILCENTRO, INC. D/B/A WEBBOX D/B/A PRONTOMAIL D/B/A/ BRANDMAKERS, INC.;<br>NETWORK SOLUTIONS, LLC;<br>RACKSPACE US, INC. D/B/A RACKMAIL;<br><br>     DEFENDANTS. | NO. 2:11-cv-00413-DF<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## **AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MXGO TECHNOLOGIES, INC. ("MXGO") files this Amended Complaint against the Defendants named herein, namely 1&1 MAIL & MEDIA, INC. D/B/A MAIL.COM; BIGFOOT COMMUNICATIONS LLC D/B/A BIGFOOT COMMUNICATIONS LTD. D/B/A BIGFOOT FOR LIFE, INC.; GODADDY.COM, INC.; J2 GLOBAL COMMUNICATIONS, INC. D/B/A FUSEMAIL; ELECTRIC MAIL (INTERNATIONAL) L.P. D/B/A ELECTRIC MAIL D/B/A FUSEMAIL D/B/A M4 INTERNET D/B/A CAMPAIGNCONNECT; MAIL2WORLD, INC.;

MAILCENTRO, INC. D/B/A WEBBOX D/B/A PRONTOMAIL D/B/A BRANDMAKERS, INC.; NETWORK SOLUTIONS, LLC; RACKSPACE US, INC. D/B/A RACKMAIL (collectively "Defendants"), as follows:

## PARTIES

1. Plaintiff MXGO TECHNOLOGIES, INC. ("MXGO") has a place of business in Santa Clara, California.

2. On information and belief, Defendant 1&1 MAIL & MEDIA, INC. D/B/A MAIL.COM ("1&1") has a place of business in Chesterbrook, Pennsylvania.

3. On information and belief, Defendant BIGFOOT COMMUNICATIONS LLC D/B/A BIGFOOT COMMUNICATIONS LTD. D/B/A BIGFOOT FOR LIFE, INC. ("BIGFOOT") has a place of business in New York, New York.

4. On information and belief, Defendant GODADDY.COM, INC. ("GODADDY") has a place of business in Scottsdale, Arizona.

5. On information and belief, Defendant J2 GLOBAL COMMUNICATIONS, INC. D/B/A FUSEMAIL has a place of business in Hollywood, California.

6. On information and belief, Defendant ELECTRIC MAIL (INTERNATIONAL) L.P. D/B/A ELECTRIC MAIL D/B/A FUSEMAIL D/B/A M4 INTERNET D/B/A CAMPAIGNCONNECT has a place of business in Burnaby, British Colombia, Canada. Hereinafter, J2 GLOBAL COMMUNICATIONS, INC. D/B/A FUSEMAIL, ELECTRIC MAIL (INTERNATIONAL) L.P. D/B/A ELECTRIC MAIL D/B/A FUSEMAIL D/B/A M4 INTERNET D/B/A CAMPAIGNCONNECT are collectively referred to as "FUSEMAIL."

7. On information and belief, Defendant MAIL2WORLD, INC. ("MAIL2WORLD") has a place of business in Los Angeles, California.

8. On information and belief, Defendant MAILCENTRO, INC. D/B/A WEBBOX D/B/A PRONTOMAIL D/B/A BRANDMAKERS, INC. ("MAILCENTRO") has a place of business in Folsom, California.

9. On information and belief, Defendant NETWORK SOLUTIONS, LLC; ("NETWORK SOLUTIONS") has a place of business in Herndon, Virginia.

10. On information and belief, Defendant RACKSPACE US, INC. D/B/A RACKMAIL ("RACKSPACE") has a place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm

Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,062,538

13.     United States Patent No. 7,062,538 (the "'538 Patent"), entitled "Server That Obtains Information From Multiple Sources, Filters Using Client Identities, and Dispatches to Both Hardwired and Wireless Clients," duly and legally issued on June 13, 2006.

14.     MXGO is the assignee of the '538 Patent and has standing to bring this lawsuit for infringement of the '538 Patent.

15. The claims of the '538 Patent cover, *inter alia,* a method of conveying messages from a plurality of message sources to a user via a plurality of receiving devices comprising: preparing dispatch rules, applying those rules to newly received messages and dispatching the message accordingly.

16. The claims of the '538 Patent cover, *inter alia,* a method of conveying messages to a user via a wireless device having a unique identifier comprising: preparing dispatch rules, applying those rules to newly received messages and dispatching the message accordingly.

17. On information and belief, all Defendants named herein have infringed the '538 Patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device.

18. On information and belief, 1&1 has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least 1&1's MailXchange system.

19. On information and belief, BIGFOOT has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable

of dispatching messages to a uniquely identified wireless device., and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least BIGFOOT's Bigfoot for Life e-mail system and ef.bigfoot.net.

20.     On information and belief, GODADDY has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least GODADDY's Workspace e-mail system.

21.     On information and belief, FUSEMAIL has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least www.fusemail.com.

22.     On information and belief, MAIL2WORLD has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which

are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least www.mail2world.com.

23.  On information and belief, MAILCENTRO has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least MAILCENTRO'S Webbox system.

24.  On information and belief, NETWORK SOLUTIONS has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least NETWORK SOLUTIONS' Business Mail system.

25.  On information and belief, RACKSPACE has infringed the '538 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of preparing and applying dispatch rules to messages received from a plurality of sources and further capable of dispatching messages to a uniquely identified wireless device, and which are covered by one or more claims of the '538 Patent. On information and belief, such apparatuses and/or systems comprise at least RACKSPACE's Rackspace E-mail system.

26. To the extent that facts learned during the pendency of this case show that Defendants' infringement includes indirect infringement, MXGO reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

27. To the extent that facts learned during the pendency of this case show that this is an "exceptional case," MXGO reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

28. To the extent that facts learned during the pendency of this case show that Defendants' infringement is or has been willful, MXGO reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

29. As a result of Defendants' infringing conduct, Defendants have damaged MXGO. Defendants are liable to MXGO in an amount that adequately compensates MXGO for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, MXGO respectfully requests that this Court enter:

1. A judgment in favor of MXGO that Defendants have infringed the '538 Patent;

2. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '538 Patent;

3. A judgment and order requiring Defendants to pay MXGO its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '538 Patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which MXGO may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MXGO requests a trial by jury of any issues so triable by right.

October 24, 2011                                                                             Respectfully submitted,

                                                                                                            COLLINS, EDMONDS & POGORZELSKI, PLLC

                                                                                                            By: /s/ *Stephen F. Schlather*
                                                                                                            Stephen F. Schlather – Lead Counsel
                                                                                                            Texas Bar No. 24007993
                                                                                                            John J. Edmonds
                                                                                                            Texas Bar No. 789758
                                                                                                            COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                                                                            1616 S. Voss Road, Suite 125
                                                                                                            Houston, Texas 77057
                                                                                                            Telephone: (281) 501-3425
                                                                                                            Facsimile: (832) 415-2535
                                                                                                            sschlather@cepiplaw.com
                                                                                                            jedmonds@cepiplaw.com

                                                                                                            ATTORNEYS FOR PLAINTIFFS
                                                                                                            MXGO TECHNOLOGIES, INC.

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

October 24, 2011                                                             /s/ Stephen Schlather
                                                                                           Stephen Schlather